**MONIKA Y. LANGARICA**
(SBN 308518)(mlangarica@aclusandiego.org)
**JONATHAN MARKOVITZ**
(SBN 301767)(jmarkovitz@aclusandiego.org)
**BARDIS VAKILI**
(SBN 247783)(bvakili@aclusandiego.org)
**DAVID LOY**
(SBN 229235)(davidloy@aclusandiego.org)
**ACLU FOUNDATION OF SAN DIEGO & IMPERIAL COUNTIES**
P.O. Box 87131
San Diego, CA 92138-7131
Telephone: (619) 398-4483

Counsel for Plaintiff-Petitioners

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Cristian Doe., *et. al.*,<br><br>  Plaintiff-Petitioners,<br>v.<br><br>KEVIN McALEENAN, Acting Secretary, U.S. Department of Homeland Security, *et. al.*,<br><br>  Defendant-Respondents. | **Case No.: 3:19-CV-2119-DMS-AGS**<br><br>**PLAINTIFF-PETITIONERS' *EX PARTE* APPLICATION TO ENFORCE TRO AND REQUEST FOR ORDER TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE HELD IN CONTEMPT** |

Plaintiff-Petitioners ("Plaintiffs") respectfully apply to this Court *ex parte* for an order to enforce the Temporary Restraining Order ("TRO") it issued yesterday, November 13, 2019, at approximately 4:49 pm. Since the Court issued its order, immigration attorneys representing Plaintiffs have been attempting to contact Border Patrol to arrange a confidential legal visit. At or around 9:07 am, the immigration attorneys finally reached a supervisor to explain their request. The supervisor informed the immigration lawyer that they would be scheduling Plaintiffs' non-*refoulement* interview for this afternoon, and he would not allow them to meet with their clients. The supervisor instructed that this direction came from his counsel.

Undersigned counsel informed opposing counsel about this issue via email at 11:17 am, after having attempted to reach them by phone. Opposing counsel informed undersigned counsel at 11:19 that they forwarded our email to agency counsel. At 12:55, opposing counsel informed us that "logistics" for the meeting are "being worked out." But as of the time of this filing the immigration lawyers have not received any communication to arrange a visit from Border Patrol.

Should Plaintiffs be unable to consult with their immigration lawyers today with sufficient time to prepare for a non-*refoulement* interview that is being scheduled for this afternoon, they will likely have to stay in Border Patrol custody while that interview gets postponed again for this Court to resolve the matter. They have already been in Border Patrol custody for eight days under harsh conditions. Those conditions are exacerbated by Plaintiffs' preexisting medical conditions and those of their family. Plaintiffs' nine-year-old son has symptoms consistent with leukemia and reportedly has had no access to treatment while in custody. He has not received medical attention for severe stomach problems while in custody, which the immigration lawyers informed Border Patrol of days ago.

The Court's TRO states in no uncertain terms that "the Court orders

confidential, in-person access to retained counsel prior to Petitioner's non-refoulement interviews." ECF No. 18 at 9 n.4. The TRO continues, "Respondents may not conduct Petitioners non-refoulement interviews without first providing them access to their retained counsel, both before and during any such interview." *Id.* at 10.

Plaintiffs respectfully request an immediate order instructing Defendants to provide Plaintiffs confidential in-person access to their lawyers immediately. The immigration lawyers stand ready to go to the Border Patrol station at a moment's notice, as they have been all day. Plaintiffs also request the Court issue an order to show cause why Defendant Douglass Harrison, Chief Agent for San Diego Sector of Border Patrol, should not be found in contempt of this Court's Order.

Dated: November 13, 2019

ACLU FOUNDATION OF SAN DIEGO & IMPERIAL COUNTIES

**/s/ *Bardis Vakili***
Bardis Vakili

Monika Y. Langarica
Jonathan Markovitz
David Loy

*Attorney for Plaintiff-Petitioners*