UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTIAN DOE, et al.,<br><br>            Plaintiffs,<br><br>   v.<br><br>KEVIN K. McALEENAN, Acting Secretary of Homeland Security; et. al.,<br><br>            Defendants. | Case No. 19cv2119 DMS AGS<br><br>**ORDER DENYING STAY AND FINDING OF MOOTNESS, AND GRANTING UNOPPOSED MOTION FOR 90-DAY EXTENSION TO ANSWER** |

Pending before the Court is Defendants' Motion to Stay or alternatively Unopposed Motion for 90-Day Extension to Answer, and Suggestion of Mootness. (ECF Nos. 87, 86.) For the following reasons, the motion to stay and suggestion of mootness are denied, and the unopposed motion for a 90-day extension to answer or otherwise respond to the complaint is granted.

## I.

## INTRODUCTION

This case concerns access to counsel for *nonrefoulement* interviews under the Government's "Migrant Protection Protocols" ("MPP"). Though initially filed in November 2019 (ECF No. 1), the Government has sought and been granted numerous unopposed extensions to answer or otherwise respond to the complaint (*see, e.g.*, ECF Nos.

37, 41, 61, 65), and has to date not answered Plaintiffs' initial complaint. The status of MPP has changed several times since this case was first filed but the policy is currently implemented again by court order. *See Texas v. Biden*, No. 21-10806 (5th Cir. 2021). The Government now seeks a stay (ECF No. 87), and suggests the case is moot (ECF No. 86), given its appeal to the United States Supreme Court of *Texas v. Biden*, No. 21-954, which will determine whether the injunction currently ordering the government to reimplement MPP will stand. Since the Government's filing of its motion, the Supreme Court granted the government's petition for a writ of certiorari. *See* Miscellaneous Order, *Biden v. Texas*, No. 21-954 (Feb. 18, 2022). There is an expedited schedule, with briefing due in March and April, and oral argument in the second week of April. *Id.*

## II.
## DISCUSSION

The Government argues this case is moot as the currently implemented version of MPP is separate from the policy Plaintiffs initially challenged, and the current version provides the same or greater access to counsel than that Plaintiffs initially sought. (ECF No. 86). The Government also argues for a stay as there are risks of conflicting injunctions given *Texas v. Biden*. (ECF No. 91 at 4–5).

The Court agrees with Plaintiffs' argument that, while the instant case will become moot should the Government prevail in *Texas v. Biden* and subsequently terminate MPP, it currently remains live. (ECF No. 89 at 3.) The possibility remains of a renewed or reimplemented MPP policy with disagreements between the parties regarding access-to-counsel requirements for *nonrefoulement* interviews, and thus the dispute is merely paused, not resolved such that the parties "lack a legally cognizable interest in the outcome," or any chance for "effectual relief." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013).

The Court understands that Plaintiffs do not challenge the *Texas* injunction, but rather a narrower access to counsel issue, and thus do not wish to wait for the *Texas* disposition before they pursue their claims in the instant case. However, given the expedited briefing schedule set by the Supreme Court, clarity on the future of MPP will

likely be provided in the near, rather than distant, future.  As such, the Court grants the unopposed 90-day extension, giving Defendants until **May 3, 2022**, to answer or otherwise respond to the complaint.  The Court acknowledges that the Supreme Court may not issue a decision by May 3, 2022, and other events may shift the landscape of this case in the interim.  The parties may file appropriate motions or notices to present updated information to the Court and allow for reevaluation of the posture of this case, as needed.

**IT IS SO ORDERED.**

Dated:  March 14, 2022

Hon. Dana M. Sabraw, Chief Judge
United States District Court