# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTIAN DOE, *et al.*,<br><br>        Plaintiffs-Petitioners,<br><br>v.<br><br>MARKWAYNE MULLIN, SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>        Defendants-Respondents. | Case No.: 19-cv-02119-DMS-SBC<br><br>**ORDER GRANTING UNOPPOSED MOTION FOR CLASS DECERTIFICATION; VACATING ORAL ARGUMENT**<br><br>**[ECF No. 142]** |

Pending before the Court is Plaintiffs' unopposed motion for class decertification. (Mot., ECF No. 142.)  The motion is scheduled to be heard on July 24, 2026, (*id.*); however, the Court finds the matter suitable without oral argument or further briefing.  *See* S.D. Cal. Civ. R. 7.1(d)(1).  Accordingly, the Court **VACATES** the July 24, 2026 hearing.

Plaintiffs filed suit on November 5, 2019, (ECF No. 1), challenging Defendant's implementation of the Migrant Protection Protocols ("MPP"), "a 2019 program under which persons arriving by land to the United States from Mexico were returned to Mexico to await the outcome of their immigration court proceedings," (Mot. 2).  The Court granted class certification on January 14, 2020.  (ECF No. 39.)  The class includes "[a]ll individuals who are detained in [Customs and Border Protection] custody in California awaiting or undergoing non-refoulement interviews pursuant to the [MPP] program and who have retained lawyers." (*Id.* at 19.)  Plaintiffs now move unopposed to decertify the class.  (Mot.

19-cv-02119-DMS-SBC

2.) Should the Court grant decertification, Plaintiffs additionally will voluntarily dismiss the case without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(i).  (*Id.*)

"Federal Rule of Civil Procedure 23 provides district courts with broad discretion to determine whether a class should be certified, and to revisit that certification throughout the legal proceedings." *Golden v. Am. Pro Energy*, No. EDCV160891, 2018 WL 6164745, at *1 (C.D. Cal. Oct. 4, 2018) (citation omitted).  "[D]istrict courts have a continuing duty to ensure compliance with Rule 23's class action requirements." *Id.* (citation omitted).  In considering a motion to decertify, "the court must consider whether: '(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.'" *Id.* (citing Fed. R. Civ. P. 23(a)).

Plaintiffs contend numerosity is no longer met because "there is no current implementation of MPP in California or anywhere, and there has not been for years; Mexico has not agreed to MPP reimplementation; and any potential reimplementation would be at least partially enjoined." (Mot. 6.)  In addition, there are presently "no known individuals in MPP—let alone individuals in MPP who are detained in CBP custody in California, awaiting or undergoing non refoulement interviews, and who have retained lawyers, as required by the class definition." (*Id.*)  For these reasons, the Court agrees that numerosity is no longer present and **GRANTS** the unopposed motion to decertify the class.

Because the Court grants the decertification motion, Plaintiffs will dismiss the case without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(i).  (Mot. 2.) Defendants have yet to serve an answer or motion for summary judgment. (*Id.*)  Thus, Plaintiffs may voluntarily dismiss this action without approval from the Court.  Fed. R. Civ. P. 41(a)(1)(A)(i).  Accordingly, the Court **ORDERS** Plaintiffs to file a separate notice of voluntary dismissal within **seven (7) days** of entry of this Order.

**IT IS SO ORDERED.**

19-cv-02119-DMS-SBC

Dated:  June 11, 2026

Hon. Dana M. Sabraw
United States District Judge

19-cv-02119-DMS-SBC